```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       GALVESTON DIVISION


WILLIAM ROBERT THOMPSON,         §
TDCJ-CID NO. 824551,             §
                                 §
            Petitioner,          §
                                 §     CIVIL ACTION NO. G-08-0167
v.                               §
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
            Respondent.          §
```

**MEMORANDUM OPINION AND ORDER**

William Robert Thompson, a prisoner of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging the outcome of a TDCJ-CID disciplinary hearing. This action will be dismissed because it is baseless.

### I. Procedural History and Claims

Thompson is currently serving an eighteen-year sentence in TDCJ-CID after having been convicted in state district court of aggravated sexual assault in 1998. Thompson does not challenge his state court conviction in this action. His habeas petition concerns an administrative disciplinary proceeding in which Thompson was found guilty of violating TDCJ-CID rules. (Docket Entry No. 1 at 2) Thompson complains that he was denied due

process at the hearing and that the administrative grievance procedure to challenge the outcome was ineffective.  He also claims that there was insufficient evidence to uphold the finding and that the charging officer's character is subject to question due to her subsequent termination for engaging in an inappropriate relation- ship with an inmate.  (Docket Entry No. 1 at 7-8)

Thompson's punishments consisted of the following:

1.   a reduction in time earning classification;

2.   contact visitations suspended for 30 days;

3.   commissary and cell restriction for 45 days; and

4.   fifteen days of solitary confinement.

(Docket Entry No. 1 at 5)

Thompson denies losing any earned good-time credits as a result of the disciplinary proceeding.  Id.

## II.   Analysis - No Actionable Punishment

Thompson admits that he did not lose any good time and that the only punishment he suffered was a temporary forfeiture of privileges, a short stay in solitary confinement, and a demotion in classification.  An inmate's liberty interests are implicated only when the disciplinary measures taken against him inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life.  Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).  The commissary and cell restrictions imposed on Thompson are merely changes in the conditions of his confinement

-2-

that do not implicate due process concerns.  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).  They are not penalties that would be considered "the type of atypical, significant deprivation" that would be actionable.  His fifteen-day stay in solitary confinement is not actionable because it is also a temporary condition not subject to habeas review.  See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996); McGuinness v. Dubois, 75 F.3d 794, 797 n.3 (1st Cir. 1996).

Thompson's demotion in time-earning status does not establish a claim because he does not have a constitutionally cognizable "right" to a particular classification, and the effect of such action on his release date would be too attenuated to be considered a deprivation of a liberty interest.  Malchi, 211 F.3d at 959; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).  See also Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (losing the ability to accrue good-time credits does not inevitably affect the length of the sentence).

If Thompson were actually challenging a forfeiture of good time, such a claim might be actionable if his release under mandatory supervision were actually delayed by the results of the disciplinary proceeding.  Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000).  But such a scenario does not apply to this action, and Thompson does not present any disciplinary sanction that can be remedied by this court.  Id.; see also Orellana, 65 F.3d at 31-32

("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status."). Even if Thompson had actually forfeited earned good-time credits, it would not have affected his release date because Thompson is not eligible for release under mandatory supervision. See Docket Entry No. 1 at 5, Answer 16 ("Are you eligible for mandatory supervised release? - No."). Similarly, any possible adverse effects the disciplinary action may have had on Thompson's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995).

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Thompson's habeas petition will be dismissed as frivolous because it lacks an arguable legal basis. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

The court **DENIES** issuance of a Certificate of Appealability in this action. For the reasons stated in this Memorandum Opinion and Order, the petitioner has failed to demonstrate that the issues are subject to debate among jurists of reason. See Newby, 81 F.3d at 569, citing Barefoot v. Estelle, 103 S.Ct. 3383, 3394-95 (1983).

-4-

## III.  Conclusion

The court **ORDERS** the following:

1. William Robert Thompson's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice.**

2. A certificate of appealability is **DENIED.**

3. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the Petition and this Memorandum to the respondent and the Attorney General by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 17th day of July, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE